**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PAUL LEMMER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:19-cv-00941-JJV |
| | * | |
| RAY VANCE, *et al*. | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Plaintiff Christopher Paul Lemmer ("Plaintiff"), incarcerated at the Randall Williams Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendant Shane Green was deliberately indifferent to his medical needs while Plaintiff was in custody at the Sheridan Detention Center.[1] (Doc. No. 1). Defendant Green has filed a Motion for Summary Judgment. (Doc. Nos. 22-24.) Plaintiff has not responded; this matter is now ripe for a decision. For the reasons set out below, Defendant's Motion (Doc. No. 22) is GRANTED.

**II.   BACKGROUND**

Plaintiff alleges that while at the Sheridan Detention Center, Defendant Green failed to provide him with refills of the prescription medication Hydroxizine. (Doc. No. 1 at 6.) He claims he filed medical forms and grievances in connection with his request for refills, but to no avail. (*Id*. at 2-3.) Plaintiff also alleged Grant County has a "custom of ignoring the medical and inmate

---

[1] Shane Green is the only Defendant remaining in this case. Plaintiff's claims against Defendant Vance were dismissed at Plaintiff's request. (Doc. Nos. 14, 15.)

request forms/grievance process." (*Id*. at 7.)  Plaintiff seeks damages for the alleged violation of his rights.  (*Id*. at 7.)

### III.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.     ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory.  *Bock*, 549 U.S. at 211.  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself."  *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust.  *Id.*  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The Sheridan Detention Center had in place a grievance procedure that, under the PLRA, Plaintiff was required to exhaust before filing suit. (Doc. No. 24-1; Doc. No. 24-2 at 2; Doc. No. 24-3.) The grievance procedure gave an inmate the opportunity to "clearly describe [his] problem" and provided for an appeal. (Doc. No. 24-3; Doc. No. 24-1 at 2.)  Appeal was the last step of the grievance procedure. (*See Id*.)  All grievances and responses are maintained in the inmate's jail file. (Doc. No. 24-1 at 2.)  Plaintiff acknowledged in writing that he received a copy of the Sheridan Detention Center's Inmate Rights and Rules of Conduct, which explained the grievance procedure. (Doc. No. 24-4.)

Defendant Green, the Sheridan Detention Center Administrator, asserts Plaintiff did not exhaust any grievance as to lack of medical care: there are no grievance forms in Plaintiff's file.

(Doc. No. 24-1 at 2.)  Plaintiff did complete inmate request forms and medical forms, but again, no grievance.

As explained above, the PLRA requires exhaustion.  Where, as here, Defendant Green has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'"  *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).  The evidence shows Plaintiff failed to exhaust his § 1983 claims against Defendant Green.  Because Plaintiff has not come forward with proof that he did, in fact, exhaust those claims before he sued Defendant Green, summary judgment in Defendant Green's favor is appropriate.

## V.     CONCLUSION

IT IS THEREFORE ORDERED that:

1. Defendant Green's Motion for Summary Judgment (Doc. No. 22) is GRANTED.

2. This case is DISMISSED without prejudice.

3. The Court certifies, pursuant to 28 US.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

Dated this 26th day of May 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE